# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVA DEANN HEISCH, #90649, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-647-JPG ) |
| JOHN LAKIN, CHRISTOPHER EALES, JORDAN GRIFFIN, DR. ARENDELL, DR. LOCHARD, DR. ARAGONA, TERESA TUCKER, and MADISON COUNTY SHERIFF'S DEPARTMENT, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Eva Heisch, a detainee at Madison County Jail ("Jail"), brings this action for miscellaneous deprivations of her constitutional rights at the Jail pursuant to 42 U.S.C. § 1983. (Docs. 1 and 1-1). She seeks declaratory judgment and money damages. (Doc. 1, p. 21).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Before the Court screens the Complaint under Section 1915A, however, it is first necessary to consider whether any claims are improperly joined in the action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Court has identified 3 separate groups of unrelated claims against different defendants. This action is subject to severance.

## The Complaint

Plaintiff organizes her Complaint into 10 sets of claims, which she supports with 99 pages of grievances and 195 pages of exhibits. (Doc. 1, pp. 11-20; Doc. 1-1, pp. 1-195). Most claims stem from inadequate medical care Plaintiff allegedly received at the Jail from 2016-19. (Doc. 1, pp. 12-17; 19-20). She complains of untreated or improperly treated high blood pressure, a prolapsed urethra, a vaginal mass, chest pain, diabetes, and mental health conditions. In connection with the denial of medical care, Plaintiff names the Jail's doctors (Drs. Arendell, Aragona, and Lochard), administrators (Sheriff John Lakin and Jail Administrator Christopher Eales), and/or staff (Officer Jordan Griffin). (*Id.*). Plaintiff also complains that Jail Administrator Eales subjected her to excessive punishment or harsh living conditions as retaliation for filing various complaints. (*Id.* at pp. 17-19). She separately complains that Officer Tucker failed to protect her from an inmate attack or treat her resulting injuries in March 2019. (*Id.* at pp. 17-18).

## Claims

The Court finds it convenient to divide the *pro se* action into the following eleven (11) Counts, largely consistent with Plaintiff's characterization of these claims in the Complaint:

**Count 1:** Eales, Griffin, Arendell, and Lakin denied Plaintiff necessary medical care for her high blood pressure which caused her to suffer a minor stroke in December 2018. (Doc. 1, p. 12).

**Count 2:** Arendell, Lochard, Aragona, and Eales delayed diagnosis and treatment of Plaintiff's vaginal mass and prolapsed urethra for eight months from October 2018 until April 2019, resulting in unnecessary pain and bleeding. (*Id.* at pp. 12-13).

2

| | |
|---|---|
| **Count 3:** | Lochard, Aragona, and Eales denied Plaintiff adequate and timely medical treatment for chest pain in April 2019, despite her previous diagnosis with angina and mitral valve prolapse. (*Id*. at pp. 13-14). |
| **Count 4:** | Aragona denied Plaintiff adequate medical treatment for diabetes following her diagnosis in October 2018. (*Id*. at pp. 15-16). |
| **Count 5:** | Arendell supervised staff who denied Plaintiff treatment for a mass she initially reported in September 2016. (*Id*. at pp. 16-17). |
| **Count 6:** | Eales ignored Plaintiff's requests for modification of punishment that limited or denied her access to the courts. (*Id*. at p. 17). |
| **Count 7:** | Tucker failed to protect Plaintiff from an inmate attack and denied her treatment for the resulting injuries in March 2019. (*Id*. at pp. 17-18). |
| **Count 8:** | Eales retaliated against Plaintiff for filing complaints by placing her in administrative segregation in March 2018, April 2019, and June 2019. (*Id*. at pp. 18-19). |
| **Count 9:** | Aragona supervised staff who took Plaintiff off of her blood pressure medication(s) in May 2019. (*Id*. at pp. 19-20). |
| **Count 10:** | Aragona required Plaintiff to take psychotropic medications against her will in October and December 2018. (*Id*. at p. 20). |
| **Count 11:** | Eales subjected Plaintiff to unconstitutional conditions of confinement by placing her in a cell without hot water in December 2018 and January 2019. (*Id*.). |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

## Preliminary Dismissals

*A.     Non-Parties*

In the Complaint, Plaintiff refers to numerous individuals who are not named as defendants in this action, including: Dr. Wasserman, Karen Arendell,[2] Jasmine Hurst, Rachelle Braun, Brandy, Val, Alicia, Denise, and various unknown individuals (staff, medical staff, specialists, surgeons, and guards). (Doc. 1, pp. 11-20). When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption" to be considered a party). All claims against these individuals are considered dismissed without prejudice from this action.

*B.     Madison County Sheriff's Department*

Plaintiff identifies Madison County Sheriff's Department as a defendant in the caption of the Complaint, but she does not mention this defendant in her statement of claim. A plaintiff cannot state a claim against a defendant by listing the defendant's name in the case caption. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, governmental entities cannot be held liable for unconstitutional acts of their employees unless those acts are carried out pursuant to an official custom or policy, and the Complaint refers to neither. "The 'official policy' requirement for liability under [Section] 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the

---

[2] The Complaint lists "Dr. Arendell" as a defendant and sets forth allegations against this individual in the statement of claim. Karen Arendell is also mentioned in the statement of claim and appears to be a different person than Dr. Arendell. Karen Arendell is not identified as a defendant in the case caption or list of defendants and is therefore considered a non-party.

municipality is actually responsible.'" *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). Madison County Sheriff's Department shall be dismissed without prejudice from this action.

### Severance

Plaintiff brings at least three distinct set of claims against different defendants. The inadequate protection claim in Count 7 against Officer Tucker is unrelated to the retaliation claims in Counts 6, 8, and 11 against Jail Administrator Eales and the miscellaneous medical claims in Counts 1, 2, 3, 4, 5, 9, and 10 against Dr. Arendell, Dr. Aragona, Dr. Lochard, Sheriff Lakin, Jail Administrator Eales, and Officer Griffin. These three groups of claims involve different defendants, separate transactions or occurrences, no common questions of fact, and distinct legal theories. They cannot proceed together in the same suit. *See* FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). District courts have a duty to apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The Court will exercise its discretion and sever the claims arising from each separate incident into two additional suits:

**Severed Case No. 1:**

**COUNT 7** against Tucker for failing to protect Plaintiff from an inmate attack and then denying her medical treatment for her resulting injuries in March 2019. (*Id*. at pp. 17-18).

**Severed Case No. 2:**

**COUNT 6** against Eales who ignored Plaintiff's requests for modification of punishment she describes as unusually harsh and/or excessive because of limitations that have resulted on her access to the courts. (*Id*. at p. 17).

5

**COUNT 8** against Eales who retaliated against Plaintiff for filing complaints by repeatedly placing her in administrative segregation in March 2018, April 2019, and June 2019. (*Id*. at pp. 18-19).

**COUNT 11** against Eales who subjected Plaintiff to unconstitutional conditions of confinement by placing her in a cell without hot water in December 2018 and January 2019. (*Id*. at p. 20).

The Clerk will be directed to open Severed Cases No. 1 and 2. Plaintiff will be responsible for paying the filing fee for each severed case, unless she timely advises the Court that she does not wish to proceed with the action(s). All other claims (Counts 1, 2, 3, 4, 5, 9, and 10) will remain in this action and are subject to Section 1915A review in a separate order.

## Disposition

**IT IS ORDERED** that **COUNT 7** is **SEVERED** into a new case, which shall be captioned: **EVA DEANN HEISCH, Plaintiff vs. TERESA TUCKER, Defendant.**

**IT IS ORDERED** that **COUNTS 6, 8,** and **11** are **SEVERED** into a new case, which shall be captioned: **EVA DEANN HEISCH, Plaintiff vs. CHRISTOPHER EALES, Defendant.**

The Clerk is **DIRECTED** to file the following documents in each newly-severed case:

1) The Complaint (Doc. 1);
2) Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
3) This Memorandum and Order Severing Case.

**IT IS ORDERED** that Defendant **TERESA TUCKER** is **DISMISSED** with prejudice from this action, and Defendant **MADISON COUNTY SHERIFF'S DEPARTMENT** is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **TERMINATE** both Defendants as parties to *this action* in CM/ECF.

**IT IS ORDERED** that the **only claims remaining in this action** are the **COUNTS 1, 2, 3, 4, 5, 9,** and **10** against Defendants **JOHN LAKIN, CHRISTOPHER EALES, JORDAN**

**GRIFFIN, DR. ARENDELL, DR. LOCHARD,** and **DR. ARAGONA**. The Clerk of Court is **DIRECTED** to modify the case caption as follows: **EVA DEANN HEISCH, Plaintiff vs. JOHN LAKIN, CHRISTOPHER EALES, JORDAN GRIFFIN, DR. ARENDELL, DR. LOCHARD,** and **DR. ARAGONA, Defendants.** These claims are subject to preliminary review pursuant to 28 U.S.C. § 1915A in a separate order *in this action*.

**IT IS SO ORDERED.**

**DATED: 8/29/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT
United States District Judge**