IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| EVA DEANN HEISCH, #90649, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-647-JPG |
| | ) | |
| JOHN LAKIN, | ) | |
| CHRISTOPHER EALES, | ) | |
| JORDAN GRIFFIN, | ) | |
| DR. ARENDELL, | ) | |
| DR. LOCHARD, | ) | |
| and DR. ARAGONA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Eva Heisch, a detainee at Madison County Jail ("Jail"), brings this action for miscellaneous deprivations of her constitutional rights at the Jail pursuant to 42 U.S.C. § 1983. (Docs. 1 and 1-1). She seeks declaratory judgment and money damages. (Doc. 1, p. 21). The Court previously reviewed the Complaint and severed four improperly joined claims (Counts 6, 7, 8, and 11) into two additional cases. The remaining claims (Counts 1, 2, 3, 4, 5, 9, and 10) are subject to preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

In the Complaint, Plaintiff alleges that she received inadequate medical care at the Jail from 2016 until 2019. (Doc. 1, pp. 11-20; Doc. 1-1, pp. 1-195). She specifically complains of inadequate treatment for high blood pressure, a prolapsed urethra, a vaginal mass, other masses, chest pain, diabetes, and mental health conditions. (Doc. 1, pp. 12-17; 19-20). Plaintiff claims the Jail's doctors (Drs. Arendell, Aragona, and Lochard), administrators (Sheriff John Lakin and Jail Administrator Christopher Eales), and/or staff (Officer Jordan Griffin) ignored, delayed, or denied her requests for treatment. (*Id*.). The Court previously organized the claims into the following counts, consistent with Plaintiff's designation of the same in the Complaint:

**Count 1:** Eales, Griffin, Arendell, and Lakin denied Plaintiff necessary medical care for her high blood pressure which caused her to suffer a minor stroke in December 2018. (Doc. 1, p. 12).

**Count 2:** Arendell, Lochard, Aragona, and Eales delayed diagnosis and treatment of Plaintiff's vaginal mass and prolapsed urethra for eight months from October 2018 until April 2019, resulting in unnecessary pain and bleeding. (*Id*. at pp. 12-13).

**Count 3:** Lochard, Aragona, and Eales denied Plaintiff adequate and timely medical treatment for chest pain in April 2019, despite her previous diagnosis with angina and mitral valve prolapse. (*Id*. at pp. 13-14).

**Count 4:** Aragona denied Plaintiff adequate medical treatment for diabetes following her diagnosis in October 2018. (*Id*. at pp. 15-16).

**Count 5:** Arendell supervised staff who denied Plaintiff treatment for a mass she initially reported in September 2016. (*Id*. at pp. 16-17).

**Count 9:** Aragona took Plaintiff off of her blood pressure medication(s) in May 2019. (*Id*. at pp. 19-20).

**Count 10:** Aragona required Plaintiff to take psychotropic medications against her will in October and December 2018. (*Id*. at p. 20).

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

**Discussion**

Because Plaintiff's claims arose during her pretrial detention at the Jail, the Fourteenth Amendment governs her medical claims. *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). In order to determine whether each claim satisfies the applicable standard, the Court must conduct a two-part inquiry. *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (*Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018)). The Court first asks whether "the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case." *Id.* (quoting *Miranda*, 900 F.3d at 353). Negligence is not enough to satisfy the standard. *Id.* The second step requires the Court to ask whether the challenged conduct was objectively reasonable. *Miranda*, 900 F.3d at 354. When construing the allegations in the *pro se* Complaint liberally in favor of Plaintiff, the Court finds that the allegations articulate claims against the defendants named in connection with Counts 1, 2, 3, 4, 9, and 10. These claims shall receive further review.

The same cannot be said of Count 5 against Dr. Arendell. According to the allegations, this doctor supervised unknown staff or referred Plaintiff to unknown medical providers who provided her with inadequate medical care for one or more masses she initially reported in 2016. (Doc. 1, pp. 16-17). The allegations do not suggest that this doctor provided Plaintiff with direct care or was aware she needed and was denied care. Standing alone, a defendant's supervisory position does not subject him or her to liability under Section 1983 because the doctrine of *respondeat superior* does not apply in this context. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). A defendant must be personally responsible for the constitutional violation. The allegations do not suggest

sufficient knowledge or involvement on the part of Dr. Arendell to articulate a claim against this defendant. Accordingly, Count 5 shall be dismissed without prejudice.

## **Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A, as follows:

- **COUNT 1** will proceed against Defendants **EALES, ARENDELL, GRIFFIN,** and **LAKIN**;

- **COUNT 2** will proceed against Defendants **EALES, ARENDELL, LOCHARD,** and **ARAGONA**;

- **COUNT 3** will proceed against Defendants **EALES, LOCHARD,** and **ARAGONA**; and

- **COUNTS 4, 9,** and **10** will proceed against Defendant **ARAGONA**.

**IT IS ORDERED** that **COUNT 5** is **DISMISSED** without prejudice against Defendant **ARENDELL** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **EALES, ARENDELL, GRIFFIN, LAKIN, LOCHARD,** and **ARAGONA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address,

or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order**.

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/29/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

# Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.